# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

**RICKY GENE LANGSTON, #42973-019**             **PETITIONER**

**VERSUS**             **CIVIL ACTION NO. 5:07-cv-39-DCB-MTP**

**CONSTANCE REESE, et al.**             **RESPONDENTS**

## MEMORANDUM OPINION AND ORDER
## DISMISSING THE PETITIONER'S COMPLAINT

On February 26, 2007, federal inmate Langston filed a petition for habeas corpus relief pursuant to 28 U.S.C. § 2241. On October 10, 2008, an order [4] was entered lifting the stay of this case and directing petitioner to file a written response, within twenty days. The petitioner was warned in this order that his failure to keep this court informed of his current address or his failure to timely comply with the requirements of the order may result in the dismissal of his case. On October 20, 2008, the postal service returned the envelope containing the October 10, 2008 order with the notation "return to sender, unable to forward."

On November 25, 2008, an order [6] was entered directing the petitioner to show cause, within twenty days, why this case should not be dismissed for his failure to comply with the court's October 10, 2008, order. In addition, the petitioner was directed to comply with the order of October 10, 2008, within twenty days. The petitioner was warned in the show cause order that his failure to keep this court informed of his current address or his timely comply with the requirements of the order would result in the dismissal of his case without further notice. On December 4, 2008, the postal service returned the envelope containing the November 25, 2008 order with the notation "return to sender, unable to forward."

The petitioner has failed to keep this court informed of his current address and he has failed

to comply with two court orders. It is apparent from the petitioner's failure to communicate with this court that he lacks interest in pursuing this claim.

This court has the authority to dismiss an action for petitioner's failure to prosecute under Federal Rules of Civil Procedure 41(b) and under its inherent authority to dismiss the action *sua sponte*. *See Link v. Wabash R.R.*, 370 U.S. 626, 629 (1962); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998); *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988). The court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. *Link*, 370 U.S. at 630. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the court. *Id*. at 629-30.

Petitioner has not complied with two court orders and has not communicated with this court since February 26, 2007. The court concludes that dismissal of this action for petitioner's failure to prosecute under Federal Rules of Civil Procedure 41(b) is proper. Since the respondent has never been called upon to respond to petitioner's pleading, and has never appeared in this action, and since the court has never considered the merits of petitioner's claims, the court's order of dismissal is without prejudice. *See Munday/Elkins Auto. Partners, LTD. v. Smith*, No. 05-31009, 2006 WL 2852389, at *2 (5th Cir. Oct. 2, 2006).

A Final Judgment in accordance with this Memorandum Opinion and Order will be entered.

SO ORDERED this the ___13th___ day of January, 2009.

     _s/ David Bramlette_
     UNITED STATES DISTRICT JUDGE